16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

05-70840

UNITED STATES OF AMERICA,

    Plaintiff,

    Criminal No. 03-80810

v.

    Honorable Gerald E. Rosen

D-1 AHMAD MUSA JEBRIL,
D-2 MUSA ABDALLAH JEBRIL,

    Defendants.

_____/

## PETITIONER, SUBHIEH JEBRIL'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Petitioner, Subhieh Jebril, by and through her attorney, Jorin G. Rubin, Esq. for her Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56. In support of its Motion, Petitioner relies upon the attached Brief, exhibits and Fed.R.Civ.P 56.

Petitioner sought concurrence in the relief sought for this Motion from the United States and concurrence was denied. Therefore, a hearing on Petitioner's Motion for Summary Judgment will be held before the Honorable Gerald E. Rosen in his courtroom in the U.S. District Court, in the City of Detroit, State of Michigan, at a date and time to be set by the Court.

Respectfully submitted,

*[signature]*

Jorin G. Rubin (P60867)
Law Office of Jorin G. Rubin, PC
Attorney for Petitioner
26711 Northwestern Hwy, Suite 200
Southfield, MI 48034
(248) 799-9100

Dated: April 17, 2005

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                              Criminal No. 03-80810   05-70840

v.

                              Honorable Gerald E. Rosen

D-1 AHMAD MUSA JEBRIL,
D-2 MUSA ABDALLAH JEBRIL,

    Defendants.

_____/

**PETITIONER, SUBHIEH JEBRIL'S, BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**ISSUES PRESENTED:**

I. WHETHER OR NOT SUMMARY JUDGMENT SHOULD BE GRANTED, AS A MATTER OF LAW, IN FAVOR OF PETITIONER, SUBHEIL JEBRIL, BASED ON HER OWNERSHIP INTEREST AS JOINT TENANT BY THE ENTIRETIES WITH DEFENDANT IN REAL PROPERTIES LOCATED AT 4957 ROSALIE, DEARBORN, MICHIGAN, 4909 ROSALIE, DEARBORN, MICHIGAN, 4637 PALMER, DEARBORN, MICHIGAN AND 5745 GREENVIEW, DETROIT, MICHIGAN, PURSUANT TO 21 U.S.C. § 853(n)(6)(A).

II. WHETHER OR NOT SUMMARY JUDGMENT SHOULD BE GRANTED, AS A MATTER OF LAW, IN FAVOR OF PETITIONER, SUBHEIL JEBRIL, BASED ON HER DOWER RIGHTS OF THE REAL PROPERTY LOCATED AT 12000 SANFORD, DETROIT, MICHIGAN, PURSUANT TO 21 U.S.C. § 853(n)(6)(A).

**CONTROLLING AUTHORITY:**

Federal Rule of Civil Procedure 56(c)
21 U.S.C. § 853(n)
Federal Rule of Criminal Procedure 32.2(e)
Michigan Consolidated Law 558.1
Michigan Consolidated Law 554.43
Michigan Consolidated Law 554.45

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)
*U.S. v. 2525 Leroy Lane*, 910 F.2d 343 (6th Cir. 1990), *cert. denied*, 111 S. Ct. 1414 (1991)
*U.S. v. O'Dell*, 247 F.3d 655, 680 (6th Cir. 2001).
*U.S. v. Duchess Drive*, 863 F. Supp. 492, 501 (6th Cir. 1994)
*Christunas v. U.S.*, 61 F. Supp.2d 642 (6th Cir. 1999)

**TABLE OF CONTENTS:**

| | |
|---|---|
| I. INTRODUCTION | 3 |
| II. FACTUAL BACKGROUND | 3 |
| III. ARGUMENT | 5 |
| A.  STANDARD OF REVIEW | 5 |
| B.  PETITIONER HAS A LEGAL INTEREST IN THE SUBJECT PROPERTIES SUPERIOR TO DEFENDANT'S RIGHTS | 6 |
| 1.  Property Owned by Petitioner as a Joint Tenants by the Entireties Cannot be Forfeited to the United States | 7 |
| 2.  Petitioner's Dower Interest in Property Prevents its Forfeiture | 8 |
| IV. CONCLUSION | 9 |

**LIST OF EXHIBITS**

A.  Warranty Deed for 4637 Palmer, Dearborn, Michigan
B.  Quit Claim Deed for 5745 Greenview, Detroit, Michigan
C.  Warranty Deed for 4957 Rosalie, Dearborn, Michigan
D.  Warranty Deed for 4909 Rosalie, Dearborn, Michigan
E.  Land Contract for 12000 Sanford, Detroit, Michigan

## I. INTRODUCTION

Petitioner, Subhieh Jebril is married to the Defendant, Musa Abdullah Jebril, and has been since 1964. During their marriage, the Jebrils purchased certain properties that are held as joint tenants by the entireties. Mr. Jebril also purchased another property during the marriage and Petitioner has a dower interest in that property. Pursuant to 21 U.S.C. § 853(n)(6)(A) and the undisputed facts herein, Petitioner has a legal interest in the subject properties that is superior to the government and therefore prevents forfeiture of those properties.

## II. FACTUAL BACKGROUND

On August 18, 2004, the grand jury handed down the Second Superseding Indictment in this action and sought forfeiture of certain properties (hereinafter the "Indictment"). On November 24, 2004, the Jury found the Defendants guilty of all counts and on January 12, 2005, a Preliminary Order of Forfeiture against certain properties was issued.

Subhieh Jebril filed Petitions to Adjudicate the Validity of Her Interest in five of those properties: 4637 Palmer, Dearborn, Michigan; 5745 Greenview, Detroit, Michigan; 4957 Rosalie, Dearborn, Michigan; 4909 Rosalie, Dearborn, Michigan; and 12000 Sanford, Detroit, Michigan (hereinafter the "subject properties."). As set forth below, Petitioner acquired her interest in all of the subject properties before any of the Defendant's criminal conduct occurred.

**4637 Palmer**

On or about November 25, 1983, Petitioner and her husband purchased the property located at 4637 Palmer, Dearborn, Michigan for $42,000. They received a warranty deed related to the subject property. A copy of the Warranty Deed is attached hereto as Exhibit A. Only Count One of the Indictment refers to conduct in 2002 related to the Defendant's use of the phone number associated with this property. Indictment ¶13ciii(5).

3

**5745 Greenview**

On or about March 22, 1990, Petitioner and her husband purchased the property located at 5745 Greenview, Detroit, Michigan for $25,300. They received a quit claim deed related to the subject property. A copy of the quit claim deed is attached hereto as Exhibit B. There are no allegations in the Indictment related to this property.

**4957 Rosalie**

On or about November 9, 1979, Petitioner and her husband purchased the property located at 4957 Rosalie, Dearborn, Michigan for $15,000. They received a warranty deed related to the subject property. A copy of the warranty deed is attached hereto as Exhibit C. Count 1 contains a reference to this property's address on a subsequent deed unrelated to this property. Counts 13, 18 and 19 contain money laundering allegations related to payments made by Defendants on a mortgage secured by this property in August, September and October 2001.

**4909 Rosalie**

On or about October 18, 1967, Petitioner and her husband purchased the property located at 4909 Rosalie, Dearborn, Michigan and assumed the existing mortgage secured by the property. They received a warranty deed related to the subject property. A copy of the warranty deed is attached hereto as Exhibit D. Counts 13, 18 and 19 contain money laundering allegations related to payments made by Defendants on a mortgage secured by this property in August, September and October 2001.

**12000 Sanford**

On or about March 29, 1991, Petitioner's husband purchased the property located at 12000 Sanford, Detroit, Michigan on a land contract. A copy of the land contract is attached hereto as Exhibit E. Counts 12, 24 and 30 contain money laundering allegations related to

payments made by Defendants to Daniel Buffa, the land contract vendor in July, October and November 2001.

All of the Defendant's criminal conduct alleged in the Indictment and related to the subject properties occurred in 2001 and later. Moreover, no allegations were made regarding criminal conduct and 5745 Greenview. Petitioner acquired her interest in the subject properties before any of the Defendant's conduct described in the Indictment occurred. Therefore, since Petitioner has an interest in the subject properties that is superior to the Defendant's, none of the subject properties can be forfeited to the government.

### III. ARGUMENT

### SUMMARY JUDGMENT IN FAVOR OF PETITIONER SHOULD BE GRANTED AS A MATTER OF LAW

#### A.   STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered if there is "no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992). A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). Once the moving party has carried its initial burden of demonstrating that there are

5

no issues of material facts in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *See Anderson*, 447 U.S. at 256. Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact, it must produce evidence that would be sufficient to require submission of the issue to the jury. *Anderson*, 477 U.s. at 252.

### B. PETITIONER HAS A LEGAL INTEREST IN THE SUBJECT PROPERTIES SUPERIOR TO DEFENDANT'S RIGHTS

Criminal forfeiture is *in personum* and only entitles the government to forfeit the convicted defendant's interest in the property, and nothing more. *See U.S. v. O'Dell*, 247 F.3d 655, 680 (6th Cir. 2001). The ancillary proceeding is commenced after the Court issues an Order of Forfeiture against the Defendant's interest, to adjudicate the rights of the third parties. *See* 21 U.S.C. § 853(n); R32.2(e). In the ancillary proceeding, if an individual has a "legal interest" in the property to be forfeited, then he/she may file a petition with the court to adjudicate the validity of his/her interest in the property. 21 U.S.C. § 853(n)(2)-(6). There are two standards used to evaluate the Petitioner's interest in an asset based on when the petitioner acquired his/her interest relative to the commission of the crime. If the petitioner acquired his/her interest prior to the time the crime was committed, then the petitioner must be found to have a "legal right, title or interest in the property" superior to the defendant's right (§853(n)(6)(A)). If the petitioner acquires his/her interest subsequent to the commission of the crime then petitioner must be found to be a "bona fide purchaser for value" of the asset after the crime and was without reason to believe that the property was subject to forfeiture (§853(n)(6)(B)).

Here, Petitioner acquired her interest in all of the subject properties before the Defendant's crimes related to those properties were committed (2001 and 2002). Therefore, pursuant to 21 U.S.C. § 853(n)(6)(A), as set forth below, Petitioner's legal interest in the

6

property, as a matter of law, is superior to the Defendant's and the subject properties cannot be forfeited to the United States.

### 1. Property Owned by Petitioner as a Joint Tenants by the Entireties Cannot be Forfeited to the United States

The controlling case in the Sixth Circuit regarding forfeiture of a non-defendant spouse's interest in real property held as tenants by the entireties is *U.S. v. 2525 Leroy Lane*, 910 F.2d 343 (6th Cir. 1990), *cert. denied*, 111 S. Ct. 1414 (1991). In *Leroy Lane*, the government sought civil and criminal forfeiture of real property owned by the Defendant and his wife as tenants by the entireties. *Id.* The defendant's wife filed a petition in the criminal forfeiture ancillary proceeding and a claim in the civil action because she had an interest in the home as a tenant by the entirety. *Id.* at p. 353.

The federal courts must refer to state law to determine the extent of a third party's ownership of the property. *Id.* at p. 347-48; *see also., U.S. v. O'Dell*, 247 F.3d 655, 680 (6th Cir. 2001). The court in *Leroy Lane* held that the non-defendant wife had an interest in the property, as a joint tenant by the entireties, that was an indivisible one half interest in the property, pursuant to state law, MCL 554.43 and 554.45. Further, that unless one spouse dies, the parties divorce, or, the parties jointly convey the property, the property could not be divided. *Leroy Lane* at ppgs. 346-48. Applying the state law definition the non-defendant wife's property interest, the Sixth Circuit concluded that the government could not forfeit the marital home that was owned as tenants by the entireties, because the Defendant's wife had a legal indivisible interest, under 21 U.S.C. § 853(n)(6), that was vested in, and superior to, the Defendant's. *Id.*

The court's holding in *Leroy Lane* has been followed in both criminal and civil forfeiture proceedings. *See U.S. v. Duchess Drive*, 863 F. Supp. 492, 501 (6th Cir. 1994) (civil forfeiture impermissible if property owned by innocent spouse as tenants by the entireties); *Christunas v.*

7

*U.S.*, 61 F. Supp.2d 642 (6th Cir. 1999) (criminal forfeiture against property owned as tenants by the entireties was invalid). *See also, U.S. v. Craft*, 535 U.S. 274 (2002) (the Court applied Michigan state law and held that a federal tax lien against property owned as tenants by the entireties due to husband's tax problems could not be attached to satisfy the lien). Other federal circuits have prevented forfeiture of property held as tenants by the entireties. *See U.S. v. One Single Family Residence*, 894 F.2d 1551, 1516 (11th Cir. 1990) (under Florida law, property owned as joint tenants by the entireties could not be forfeited because the spouse's interest encompasses the entire property).

Petitioner, here, acquired her interest in all the subject properties 4957 Rosalie, 4909 Rosalie, 4637 Palmer, and 5745 Greenview before Defendant's criminal conduct was alleged to have occurred. This fact is not in dispute. Petitioner acquired her interest in the properties as a tenant by the entireties: 4957 Rosalie - in 1979, 4909 Rosalie - in 1967, 4637 Palmer - in 1983, and 5745 Greenview - in 1990. Further, it is not disputed that none of the criminal conduct tangentially related to any of the subject properties occurred in 2001 and 2002.

Therefore, pursuant to 21 U.S.C. § 853(n)(6)(A), Petitioner has a legal interest as a tenant by the entireties that is superior to that of the Defendant and therefore, summary judgment, as a matter of law, in her favor should be granted.

2. **Petitioner's Dower Interest in Property Prevents its Forfeiture**

Petitioner has a dower interest in any property owned by her husband. MCL 558.1. The issue is whether or not a Petitioner's dower interest in her husband's property is sufficient to give her a "legal interest" to contest the forfeiture of real property. Although there are no Michigan forfeiture cases that discuss dower rights, one civil forfeiture Massachusetts case addressed the affect of dower on forfeiture. That court held that if the wife acquired her interest in the property

through Massachusetts dower laws, she was an "innocent owner" within the meaning of the civil forfeiture statute (21 U.S.C. § 881), even if she acquired her interest after the crime was committed. *See U.S. v. 221 Dana Avenue*, 261 F.3d 65 (1st Cir. 2001). Such application of the dower laws should be applied to this action.

Here, Mr. Jebril purchased the property located at 12000 Sanford during his marriage to Petitioner in 1991. While Petitioner's name is not on the title, it is undisputed that she has an inchoate dower right to this property, under Michigan law. The Indictment does not allege criminal conduct related to the Sanford property before 2001. Since federal court looks to state law to adjudicate property ownership interests, pursuant to 21 U.S.C. § 853(n)(6)(A), Petitioner has a legal interest through her dower rights that is superior to that of the Defendant and therefore, summary judgment, as a matter of law, in her favor should be granted.

## IV. CONCLUSION

For the reasons stated above, Petitioner respectfully requests that her Motion for Summary Judgment be granted.

Respectfully submitted,

Jorin G. Rubin (P60867)
Law Office of Jorin G. Rubin, PC
Attorney for Petitioner
26711 Northwestern Hwy, Suite 200
Southfield, MI 48034
(248) 799-9100

Dated: April 18, 2005

9

**EXHIBIT A**

WARRANTY DEED
STATUTORY FORM
FOR INDIVIDUALS

G730293

L21855 P306

KNOW ALL MEN BY THESE PRESENTS: That John C. Watts and Virginia M. Watts, his wife

whose street address and post office address is 7809 Brophy, Howell, Michigan 48843

Convey and Warrant to Musa A. Jabril and Subhieh Jabril, his wife

whose street number and postoffice address is 4509 Rosalie, Dearborn, Michigan 48126

the following described premises situated in the City of Dearborn County of Wayne
and State of Michigan, to-wit:

Lots 44 and 45, and one-half of the vacated alley adjoining
thereto, Cloverdale Park Subdivision, according to the plat
thereof as recorded in Liber 34, Page 87 of Plats, Wayne
County Records.

4637 Palmar
Item No. 82-07-134-11-049

for the sum of Forty Two Thousand Dollars and 00/100---------($42,000.00)---------

subject to easements and restrictions of record, if any

100883 DEC. 2 1983
FOREST E. YOUNGBLOOD, Register of Deeds
WAYNE COUNTY, MICHIGAN 48226

Dated this 25th day of November 19 83

Signed and Sealed in presence of:                     Signed and sealed:

_____                             John C. Watts (L.S.)
                                                      John C. Watts

_____                             Virginia M. Watts (L.S.)
Robert W. Riley                                       Virginia M. Watts

STATE OF MICHIGAN
COUNTY OF Wayne

The foregoing instrument was acknowledged before me this 25th day of November 19 83
by John C. Watts and Virginia M. Watts, his wife

Robert W. Curran
Notary Public, Wayne County, Michigan
My Commission expires May 4, 1987

Drafted by: Robert W. Curran
14461 Ford Road
Dearborn, MI 48126
MICHIGAN NATIONAL BANK
DEARBORN
Mortgage Department

63.00

**EXHIBIT B**

L24567 605

9005411    TA-A3-234750

Floyd L. Wendel and Patricia Ann Wendel, his wife
40568 S. Valley Drive, Northville, MI 48167

Nunn A. Jebril and Muhhieb Jebril, his wife
4637 Palmer, Dearborn, MI 48126

City of Detroit    County of Wayne

North 36.5 feet of Lot 63, Assessor's Plat of Taubitz Farm Subdivision, as recorded in Liber 87, Page 90 of Plats, Wayne County Records.

Commonly known as: 8748 Greenview
Item No. 50801-001
Ward No. 22

In the sum of Twenty-Five Thousand Eight Hundred and No/100's---($25,800.00)---

Dated this 22nd day of March, 19 90

Floyd L. Wendel

Patricia Ann Wendel

STATE OF MICHIGAN
COUNTY OF Wayne

The foregoing instrument was acknowledged before me this 22nd day of March, 19 90 by (1) Floyd L. Wendel and Patricia Ann Wendel, his wife

Notary Public, Wayne County, Michigan

Drafted by: David V. Snell
Business address: 42000 Six Mile
Northville, MI 48167

After recording return to: Mr. & Mrs. Jebril
8748 Greenview
Detroit, MI 48228

**EXHIBIT C**

Lawyers Title Insurance Corporation          G465073          WARRANTY DEED

KNOW ALL MEN BY THESE PRESENTS: That Mohamed A. Sion and Hadieh J. Sion, his wife,

whose address is: 5284 Argyle, Dearborn, Michigan         L20734P4762

Convey(s) and Warrant(s) to Moses A. Jabril and Michigan Jabril, his wife,

whose address is 4909 Rosalie, Dearborn, Michigan,

the following described premises situated in the City of Dearborn
County of Wayne and State of Michigan, to-wit:
Lot #301, CLOVERDALE PARK SUBDIVISION, of part of Fractional Section 13, Town 2 South,
Range 10 East, and parts of P.C. 52 and 313, North of Michigan Ave., according to the
Plat thereof recorded in Liber 34, Page 87 of Plats, Wayne County Records.

PARCELS #3 and #4, of PLAT OF SURVEY of part of the N.E. 1/4 of N.E. 1/4 of Fractional
Section 13, T 2 S, R 10 E, City of Dearborn, Wayne County, Michigan. More particularly
described a warranty deed recorded in Liber 7181, Pages 499-502 Inc., Wayne County records.
Land in the City of Dearborn, County of Wayne, State of Michigan, Described as:

PARCEL 3:
Part of the Southeast 1/4 of the Northeast 1/4 of Fractional Section 13, Town 2 South,
Range 10 East, being more particularly described as beginning at a point on the Westerly
line of Cloverdale Park subdivision, North 2 degrees 8 minutes 40 seconds West 315.0 feet
from the intersection of the Westerly line of Cloverdale Park subdivision with the North line
of Gildow Avenue as opened 50.0 feet wide and running thence South 87 degrees 51 minutes 20
seconds West parallel with the North line of Gildow Avenue 108.64 feet; thence North 2 degrees

SEE RIDER FOR CONFIRMATION OF DESCRIPTION

for the sum of Fifteen Thousand Five Hundred and 00/100 ($15,500.00) Dollars

subject to building and use restrictions of record and easements.

Dated DEC 11 1979
FOREST E. YOUNGBLOOD, Register of Deeds
WAYNE COUNTY, MICHIGAN 48226

STATE OF MICHIGAN REAL ESTATE TRANSFER TAX
$17.05

Signed this 9th day of November 1979

Signed and Sealed:

Mohamed A. Sion
Hadieh J. Sion

STATE OF MICHIGAN
COUNTY OF Wayne

The foregoing instrument was acknowledged before me this 9th day of November, 1979
by Mohamed A. Sion and Hadieh J. Sion, his wife,
My Commission expires 10-12-81

Martha E. Makridakis, Notary Public Wayne County, Michigan

Instrument Drafted by: Noel P. Keane
Address: 1129 Maryland Tower East, Dearborn, MI 48126

WARRANTY DEED

Lawyers Title Insurance Corporation

MICHIGAN STATE OFFICE

U20734P763

17 minutes 36 seconds West along an old fence, 35.0 feet; thence North 87 degrees 51 minutes 20 seconds East and parallel with the North line of Gildow Avenue 108.63 feet; thence South 2 degrees 8 minutes 40 seconds East along the West line of Clovervale Park Subdivision 35.0 feet to the place of beginning, excepting East 10 feet deeded for alley.

Parcel 4:

Part of the Southeast 1/4 of the Northeast 1/4 of Fractional Section 13, Town 2 South, Range 10 East, being more particularly described as beginning at a point on the Westerly line of Clovervale Park Subdivision North 2 degrees 8 minutes 40 seconds West, 280.0 feet from the intersection of the Westerly line of Clovervale Park Subdivision with the North line of Gildow Avenue as opened 30.0 feet wide and running thence South 87 degrees 51 minutes 20 seconds West, parallel with the North line of Gildow Avenue, 108.45 feet; thence North 2 degrees 17 minutes 36 seconds West along an old fence 35.0 feet; thence North 87 degrees 51 minutes 20 seconds East parallel with the North line of Gildow Avenue, 108.54 feet; thence South 2 degrees 8 minutes 40 seconds East, along the West line of Clovervale Subdivision, 35.0 feet to the place of beginning, excepting East 10 feet deeded for alley purpose.

EXHIBIT
D

**WARRANTY DEED**
STATUTORY FORM

F203187      L16487 PA 113

KNOW ALL MEN BY THESE PRESENTS That Soubhy R. Haymour and Mable Haymour, his wife

whose address is 4787 Woodworth - Dearborn, Michigan

Convey and Warrant to Musa A. Jebril and Soubhieh Jebril, his wife

whose street number and post office address is 4909 Roselle - Dearborn, Michigan

the following described premises situated in the City of Dearborn, County of Wayne and State of Michigan, to-wit:

Lot 308, Cloverdale Park Subdivision of part of Fractional Section 15, Town 2 South, Range 10 East and parts of Private Claim 52 and 312, North of Michigan Avenue, Dearborn Township, Wayne County, Michigan, as recorded in Liber 34, Page 87 of plats, Wayne County Records.

together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, for the sum of One Dollar(s) and other valuable consideration,

subject to easements and restrictions of record, and existing mortgage with Manufacturers National Bank of Detroit, which Grantees assume and agree to pay.

Dated this 18th day of October 19 67

Signed in the presence of:

Marina Roman                    Soubhy R. Haymour

Elaine Huettman                 Mable Haymour

RECORDED NOV 7 1967
BERNARD J. YOUNGBLOOD, REGISTER OF DEEDS
WAYNE COUNTY 28, MICHIGAN

STATE OF MICHIGAN
COUNTY OF Wayne  } ss.

On this 18th day of October 19 67 before me personally appeared Soubhy R. Haymour and Mable Haymour, his wife

to me known to be the persons described in and who executed the foregoing instrument and acknowledged that they executed the same as their free act and deed.

MARINA ROMAN
Notary Public,
Wayne County, Michigan
My Commission expires Nov. 21, 19 67

County Treasurer's Certificate

NOV 7 1967

When recorded return to:
JOHN L. KADELA
ATTORNEY AT LAW

Recording Fee
U.S. Rev. Stamps 1.65

Drafted by:
JOHN L. KADELA
ATTORNEY AT LAW


EXHIBIT E

Lawyers Title Insurance Corporation  #1043542

R-2760-91
Form MD 11-78
PURCHASER'S ASSIGNMENT
OF LAND CONTRACT

For the full consideration of Thirty-One Thousand One Fifty-Two and 08/100 ($31,152.08)
(set forth entire sales price)

the undersigned, whose address is 17317 Dresden, Detroit, MI 48205

L25058 P068

hereby assign(s) to Musa A. Jebril, the assignee(s),
whose address is 12000 Sanford, Detroit, MI 48205

a certain land contract dated August 29, 1989
executed between Daniel Buffa, a single man and Lawrence Buffa, a single man as seller, and
Barrington Powell, a single man, as Purchaser, for the sale of land
situated in the City of Detroit, County of Wayne
and State of Michigan, described as:

Lot 1, RICHARD CAMPAU SUBDIVISION, as recorded in Liber 51, Page 66, of Plats, Wayne County Records.

Commonly Known As: 12000 Sanford

and convey(s) and warrant(s) to said assignee(s),
the land above described subject to any easements and restrictions upon the use of the same and a balance owing upon said
contract of Twenty-Seven Thousand Five-Hundred Fifty-Two and 29/100 ($27,552.29) Dollars
with interest from March 1, 1991, which the said assignee(s) assume(s) and agree(s) to pay.

Dated: March 29, 1991

Witnesses:                                    Signed and Sealed:

_____                       _____ (L.S.)
Terrence F. Brown                             Barrington Powell

_____                       _____ (L.S.)
Martha A. Schwartz

                                              _____ (L.S.)

STATE OF MICHIGAN
COUNTY OF Macomb } ss.

On this 29th day of March 19 91 before me personally
appeared Barrington Powell, a single man

to me known to be the person(s) described in and who executed the foregoing instrument and acknowledged that he
executed the same as his free act and deed.

                                              _____
                                              Martha A. Schwartz
My commission expires FEBRUARY 21, 1994 Notary Public Wayne Acting in Macomb County, Michigan
Instrument
Drafted by: PAUL T. Chirco, Esq.   Business Address: 24000 Harper, St. Clair Shores, MI 48081

When Recorded Return To: [illegible]
Dearborn, MI 48126