UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: AHMAD MUSA JEBRIL and             Case No. 05-70840
MUSA ABDALLAH JEBRIL,                    *Related to Criminal Case No. 03-80810*
_____/.              Honorable Gerald E. Rosen

SUBHIEH JEBRIL,

      Petitioner,

vs.

UNITED STATES OF AMERICA,

      Respondent.
_____/.

**UNITED STATES' RESPONSE TO PETITIONER'S
MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff, the United States, by and through STEPHEN J. MURPHY,

United States Attorney, and JULIE A. BECK, Assistant United States Attorney, and in response

to Petitioner Subhieh Jebril's Motion for Summary Judgment, respectfully requests that the

Court deny Petitioner's motion.

                                    Respectfully submitted,

                                    STEPHEN J. MURPHY
                                    United States Attorney

                                    s/JULIE A. BECK
                                    Assistant United States Attorney
                                    211 West Fort Street, Suite 2001
                                    Detroit, Michigan 48226
                                    313-226-9717
Dated: June 9, 2005                    Julie.beck@usdoj.gov

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: AHMAD MUSA JEBRIL and      Case No. 05-70840
MUSA ABDALLAH JEBRIL,      *Related to Criminal Case No. 03-80810*
_____/.      Honorable Gerald E. Rosen

SUBHIEH JEBRIL,

     Petitioner,

vs.

UNITED STATES OF AMERICA,

     Respondent.
_____/.

**UNITED STATES' RESPONSE TO PETITIONER'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

**<u>Brief in Support</u>**

## TABLE OF CONTENTS

INDEX OF EXHIBITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv, v

UNITED STATE'S RESPONSE TO PETITIONER'S
MOTION FOR SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

    I.  BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II. SUBJECT PROPERTIES' HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.    4637 Palmer, Dearborn, Michigan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        B.    5745 Greenview, Detroit, Michigan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        C.    4957 Rosalie, Dearborn, Michigan. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        D.    4909 Rosalie, Dearborn, Michigan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        E.    1200 Sanford, Detroit, Michigan. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    III. LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.    Petitioner conveyed her interest in the Subject Properties
            by quitclaim deeds, and as such, destroyed the tenancy by the entireties for each
            property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        C.    Petitioner assigned her interest in land contract for 12000 Sanford, and as such,
            has no dower interest in that property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        D.    Petitioner engaged in fraudulent conveyances of the Subject Properties, thus
            destroying her tenancy by the entireties interests. . . . . . . . . . . . . . . . . . . . . 9

        E.    U.S. v. Leroy Lane does not apply to this case . . . . . . . . . . . . . . . . . . . . . . . 11

        F.    Forfeiture Statutes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## INDEX OF EXHIBITS

**EXHIBIT LIST**

Exhibit 1        Title Histories of Subject Properties

Exhibit 2        Quitclaim deed for 4637 Palmer

Exhibit 3        Quitclaim deed for 5745 Greenview

Exhibit 4        Quitclaim deed for 4957 Rosalie

Exhibit 5        1992 Quitclaim deed for 4909 Rosalie

Exhibit 6        1993 Quitclaim deed for 4909 Rosalie

Exhibit 7        Assignment of Land Contract for 12000 Sanford

<u>**TABLE OF AUTHORITIES**</u>

<u>**Federal Cases:**</u>

<u>Anderson v. Liberty Lobby</u>, 477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Bentley v. Caille</u>, 289 Mich. 74, 286 NW 163 (1939) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>Copeland v. Machulis</u>, 57 F.3d 476 (6th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

<u>Cox v. Kentucky Dept. of Transp.</u>, 53 F.3d 146 (6th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

<u>Cummings v. Schreur</u>, 214 N.W. 199 (Mich. 1927) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

<u>Hartsel v. Keys</u>, 87 F.3d 795 (6th Cir. 1996), <u>cert. denied</u>, 519 U.S. 1055 (1997) . . . . . . . . . . . . . . . . . . . 7

<u>In re Wheeler</u>, 252 B.R. 420 (W.D. Mich. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

<u>Kendall v. Hoover</u>, 751 F.2d 171 (6th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>Matsushita Elec. Indus. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Matter of Estate of Stroh</u>, 392 N.W. 2d 192 (Mich.Ct.App. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

<u>Pierce v. Commonwealth Life Ins.</u>, 40 F.3d 796 (6th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Snyder v. AG Trucking Co.</u>, 57 F.3d 484 (6th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

<u>Street v. Bradford & Co.</u>, 886 F.2d 1472 (6th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>Telespectrum, Inc. v. Public Serv. Comm'n of Ky.</u>, 227 F.3d 414 (6th Cir. 2000) . . . . . . . . . . . . . . . . . . 6

<u>Tolton v. American Biodyne, Inc.</u>, 48 F.3d 937 (6th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . .   6, 7

<u>Twyne's Case</u>, 76 Eng. Rep. 809, 3 Coke Rep. 80b (Star Chamber 1601) . . . . . . . . . . . . . . . . . 10

<u>United States v. Certain Real Property Located at 2525 Leroy Lane</u>,

<u>West Bloomfield, Mi.</u>, 910 F.2d 343 (6th Cir. 1990), cert. denied, 499 U.S. 947 (1991) . . . 11, 12

<u>United States v. Dana Avenue</u>, 261 F.3d 65 (1st Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

<u>United States v. Leggett</u>, 292 F.2d 423 (6th Cir.1961), <u>cert. denied</u>, 368 U.S. 979 (1962) . . . . 10

**Federal Statutes & Rules:**

Fed.R.Crim.P. 32.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fed.R.Civ.P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

18 U.S.C. § 371 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 922 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. §1341 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. §§ 1343, 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. §§ 1344,2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. §§ 1956, 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. § 853 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

21 U.S.C. § 881 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

26 U.S.C. § 7203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 3304 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

42 U.S.C. § 408 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**State Statutes:**

MCLA § 558 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# I. BACKGROUND

Petitioner Subhieh Jebril ("Petitioner") is married to Defendant Musa Abdallah Jebril ("Defendant"). Defendant was charged in the Second Superseding Indictment, issued August 18, 2004, with 42 federal violations as follows: 18 U.S.C. § 371, Conspiracy; 18 U.S.C. § 922(g), Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 1341, Mail Fraud; 18 U.S.C. §§ 1343, 2, Wire Fraud, Aiding and Abetting; 18 U.S.C. §§ 1344, 2; Bank Fraud, Aiding and Abetting; 18 U.S.C. §§ 1956, 2, Laundering Monetary Instruments, Aiding and Abetting; 26 U.S.C. § 7203, Willful Failure To File Income Tax Returns; and Defendant Ahmad Musa Jebril with a violation of 42 U.S.C. § 408, Fraudulent Use of a Social Security Number.

The Second Superseding Indictment contained Forfeiture Allegations seeking forfeiture of approximately $200,000 in United States currency and twelve real properties, including the five to which Petitioner has filed claims: (1) **4637 Palmer**, Dearborn, Wayne County, Michigan; (2) **5745 Greenview**, Detroit, Wayne County, Michigan; (3) **4957 Rosalie**, Dearborn, Wayne County, Michigan; (4) **4909 Rosalie**, Dearborn, Wayne County, Michigan; and (5) **12000 Sanford**, Detroit, Wayne County, Michigan (collectively referred to as the "Subject Properties").

On November 24, 2004, following a trial, a jury rendered a verdict finding Defendant Musa Jebril guilty on all counts contained in the Second Superseding Indictment. The jury also issued a Special Verdict ordering forfeiture in accordance with the forfeiture allegations contained in the Second Superseding Indictment. Accordingly, Defendant Musa Jebril's interests in all of the properties and currency included in the indictment were extinguished.

1

The Court entered a Preliminary Order of Forfeiture on January 12, 2005 (dkt # 59) and an amended Preliminary Order of Forfeiture on March 14, 2005 (dkt # 66). Petitioner filed her petitions to adjudicate the validity of her interest in the Subject Properties on March 8, 2005 (dkt nos. 13-17). She subsequently filed the instant motion for summary judgment on April 19, 2005 (dkt # 18).

## II. SUBJECT PROPERTIES' HISTORY

Trial Exhibit 1, admitted at trial, will be referenced and is incorporated herein by reference in its entirety. However, only portions of Exhibit 1 apply to this motion; specifically, those sections dealing with each of the Subject Properties. *See Exhibit 1, Title Histories of Subject Properties.*

Also, one section of the Stipulated Preliminary Order of Forfeiture applies to all of the Subject Properties. That Order includes a provision referencing Sobhie Said Salem, the person to whom the Subject Properties were conveyed, as follows:

> WHEREAS, evidence was introduced that "Sobhie Said Salem," the individual to whom the majority of the properties were transferred, is a non-existent nominee owner to whom properties were transferred in furtherance of the conspiracy;

*Preliminary Order of Forfeiture, dkt # 66, p. 3.*

Another shared aspect of the Subject Properties, with the exception of the family residence at 4637 Palmer, is that each was subject to forfeiture for failure to pay taxes. In each case, the taxpayer of record was Sobhie Said Salem, noted as SS Salem. In each case, when the property was redeemed, it was redeemed by an individual purporting to be, or on behalf of, SS Salem.

2

**A.**     **4637 Palmer, Dearborn, Michigan**

Defendant Musa Jebril and Petitioner Subhieh Jebril acquired this property in 1983 by warranty deed from John C. and Virginia M. Watts. They paid $42,000.00 for the property by obtaining a mortgage for $40,000.00 from the Prudential Insurance Company of America. *Exhibit 1, 4637 Palmer.* Subsequently, Defendant and Petitioner executed a quitclaim deed on October 6, 1992, recorded October 7, 1992, to Sobhie Said Salem, "a single woman of 4637 Palmer Avenue, Dearborn, Michigan." *Exhibit 2, Quitclaim Deed for 4637 Palmer.*

While Defendant and Petitioner continued to live in the residence, they transferred their interest in the property in 1992 and thereby destroyed their tenancy by the entireties. Moreover, this property was involved in the fraud as it served as the "office" or workplace of both defendants and was the place from which the fraudulent conduct was generated.

**B.**     **5745 Greenview, Detroit, Michigan**[1]

Defendant Musa Jebril and Petitioner Subhieh Jebril acquired this property by quitclaim deed from Floyd L. Wendel and Patricia Ann Wendel in 1990 for $25,800.00. On October 6, 1992, Defendant and Petitioner conveyed their interest in the property by quitclaim deed to Sobhie Said Salem, "a single woman of 4637 Palmer, Dearborn, Michigan." *(Exhibit 1, 5745 Greenview; Exhibit 3, Quitclaim Deed for 5745 Greenview.* Again, evidence was introduced at trial that "Sobhie Said Salem" is a non-existent nominee owner.

---

[1]On April 18, 2000, recorded on June 28, 2000, Jerry Ellen Stehlik, "a married woman of 442 Biltmore, Dearborn Heights, Michigan" conveyed her interest in 5745 Greenview. FBI Special Agent Vinca testified through Exhibit 1 that this quitclaim deed was generated to make Sobhie Said Salem responsible for unpaid 1995 taxes.

On January 21, 2003, an individual purporting to be Sobhie Said Salem, "a single woman of 4957 Rosalie, Dearborn, Michigan," conveyed her interest in 5745 Greenview by quitclaim deed to Trina Venson, "a single woman of 13961 Roselawn, Detroit, Michigan" for $1.00. *Exhibit 1, 5745 Greenview.* Taxes were not paid on this property; consequently, Wayne County Treasurer's Office pursued forfeiture for failure to pay taxes in 2002. The property was redeemed on February 12, 2003 when a payment of $742.75 was made for taxes owed by SS Salem. Wayne County again sought forfeiture of the property in March of 2003 for failure to pay taxes.[2] *See Exhibit 1, 5745 Greenview.*

C.      **4957 Rosalie, Dearborn, Michigan**

This property was acquired by Defendant Musa Jebril and Petitioner Subhieh Jebril in 1979 for $15,000.00 from Mohamed A. and Hadieh J. Sion. Some years later, on June 26, 1991, Defendant and Petitioner were granted a mortgage for $71,900.88 by Transamerica Financial Services. The following year, on October 6, 1992, Defendant and Petitioner conveyed their interest by quitclaim deed to Sobhie Said Salem, "a single woman of 4637 Palmer Avenue, Dearborn, Michigan." *Exhibit 1, 4957 Rosalie; Exhibit 4, Quitclaim Deed for 4957 Rosalie.*

This property also received forfeiture notices from the Wayne County Treasurer's Office for failure to pay taxes in 2002 and 2003. The property was redeemed on February 13, 2003, when $1,621.65 was received as payment toward delinquent property taxes. *Exhibit 1, 4957 Rosalie.*

---

[2]Trina Venson, of 13961 Roselawn, was sent notice of the Preliminary Order of Forfeiture. She called the U.S. Attorney's Office asking if she needed to file any document in response to the Order because she had nothing to do with the property and had no interest in it.

4

**D.**    **4909 Rosalie, Dearborn, Michigan**

This house on Rosalie was obtained from Soubhy R. Haymour and Mable Haymour by Defendant Musa Jebril and Petitioner Subhieh Jebril by warranty deed in 1967. On October 6, 1992, the property was conveyed by quitclaim deed to Sobhie Said Salem. *Exhibit 5, 1992 Quitclaim Deed for 4909 Rosalie*. The property was again conveyed by quitclaim deed, dated January 29, 1993 but recorded September 10, 1998, by Sobhie Said Salem to Malacky Jebril, a daughter of Defendant's and Petitioner's. *Exhibit 6, 1993 Quitclaim Deed for 4909 Rosalie*. This property was also sought for forfeiture by the Wayne County Treasurer's Office for non-payment of taxes. The taxpayer was listed as Sobhie Salem, despite the 1993 quitclaim deed to Malacky Jebril. *Exhibit 1, 4909 Rosalie*.

**E.**    **12000 Sanford, Detroit, Michigan**

The purchaser, Barrington Powell, assigned his interest in the land contract for 12000 Sanford, Detroit, to Defendant Musa Jebril in 1991 for $31,152.08. About 18 months later, on October 6, 1992,  Defendant assigned his interest in the land contract to Sobhie Said Salem. *Exhibit 1, 12000 Sanford; Exhibit 7, Assignment of Land Contract for 12000 Sanford*. Wayne County Treasurer's Office filed a notice of forfeiture for failure to pay taxes on April 15, 2003. SS Salem was listed as the taxpayer. *Exhibit 1, 12000 Sanford*.

## III. LEGAL ARGUMENT

### A.   Standard of Review

Under Fed.R.Civ.P. 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Telespectrum, Inc. v. Public Serv. Comm'n of Ky., 227 F.3d 414 (6th Cir. 2000); Copeland v. Machulis, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defenses asserted by the parties, and would necessarily affect application of the appropriate principle[s] of law to the rights and obligations of the party." Kendall v. Hoover, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party, and it must also draw all reasonable inferences in the nonmoving party's favor. Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 150 (6th Cir. 1995).

The moving party bears the initial burden of showing that there is no genuine issue of material fact. Snyder v. AG Trucking Co., 57 F.3d 484, 488 (6th Cir. 1995). The movant may meet this burden by pointing out to the court that the respondent, having had sufficient time for discovery, has no evidence to support an essential element of the case, and on which that party will bear the burden of proof at the trial. Tolton v. American Biodyne, Inc., 48 F.3d 937 (6th Cir. 1995); Street v. Bradford & Co., 886 F.2d 1472 (6th Cir. 1989). The moving party does not, however, have to support its motion for summary judgment with evidence negating its opponent's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

6

Once the moving party has met its burden, the burden shifts to the nonmoving party to produce evidence of a genuine issue of material fact. Fed.R.Civ.P. 56(e); Cox, 53 F.3d at 150. The nonmovant cannot rest on his pleadings but must present significant probative evidence in support of his position. Copeland, 57 F.3d at 479. While the court reviews the evidence in the light most favorable to the nonmoving party, "the nonmoving party is required to do more than simply show that there is some 'metaphysical doubt as to the material facts.'" Pierce v. Commonwealth Life Ins., 40 F.3d 796, 800 (6th Cir. 1994) (quoting Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). There mere existence of a scintilla of evidence to support the nonmovant's position will be insufficient; there must be evidence on which a jury could reasonably find for the nonmovant. Hartsel v. Keys, 87 F.3d 795, 800 (6th Cir. 1996), cert. denied, 519 U.S. 1055 (1997) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986)); Snyder, 57 F.3d at 488; Tolton, 48 F.3d at 941.

Petitioner has not sustained her burden; thus, her motion must be denied. Moreover, while Petitioner asserts that her claims can be resolved by this motion, the United States contends that the Court should allow limited discovery as to Petitioner's interests in the Subject Properties, at the very least allowing a deposition of Petitioner. The United States will file a formal motion for discovery and herein requests limited discovery.

**B.**    **Petitioner conveyed her interest in the Subject Properties by quitclaim deeds, and as such, destroyed the tenancy by the entireties for each property.**

Petitioner and Defendant conveyed all of the Subject Properties they owned as tenants by the entireties to Sobhie Said Salem, as discussed above. Thus, there is no tenancy by the entireties because, *by their own actions they conveyed their interests*, and Petitioner's claim of interest must fail as a matter of law.

7

**C.**     **Petitioner assigned her interest in land contract for 12000 Sanford, and as such, has no dower interest in that property.**

Defendant assigned his interest in the land contract for 12000 Sanford to Sobhie Said Salem in 1992, as discussed above.

Petitioner cites to MCLA §558.1 in support of her claim to a dower interest in 12000 Sanford, which provides:

> The widow of every deceased person, shall be entitled to dower, or the use during her natural life, of 1/3 part of all the lands whereof her husband was seized of an estate of inheritance, at any time during the marriage, unless she is lawfully barred thereof.

Petitioner asserts that a dower interest in land gives her a sufficient legal interest in the property to contest the forfeiture of it. Petitioner relies on a 1991 First Circuit case that was based on application of a former civil forfeiture statute, 21 U.S.C. §881(a)(7) (1999) (amended 2000), United States v. Dana Avenue, 261 F.3d 65 (1st Cir. 1991), in support of this argument. Given that this is neither Massachusetts nor a civil forfeiture case brought pursuant to §881(a)(7), Dana Avenue is inapplicable to the case at bar. Moreover, the wife in Dana Avenue was deemed a post-illegal act transferee, and the innocent owner statute in effect at the time governed the court's conclusion. 21 U.S.C. §881(a)(4), (6) and (7) (1999) (amended 2000). Contrary to Petitioner's request, the United States contends that this case should not be applied.

Finally, a dower interest is not a sufficient interest in real property to have standing to contest forfeiture. In Michigan, "a widow is statutorily entitled to dower, or the use during her natural life, of one-third of all lands whereof her husband was seized of an inheritable estate at anytime during the marriage unless she is lawfully barred." Matter of Estate of Stroh, 392 N.W.2d 192, 194 (Mich.Ct.App.1986) (defining dower rights under Michigan law). In Michigan, "the estate of dower involves three essentials: Marriage, seisin of the husband during coverture, and

8

the death of the husband with the survivorship of the wife." In re Wheeler, 252 B.R. 420, 426 (W.D.Mich.2000). Under Michigan law, the right of dower is inchoate until the death of the widow's husband. *See id*; Cummings v. Schreur, 214 N.W. 199, 200 (Mich.1927).

Accordingly, under the most generous application of law to these facts, Petitioner's dower interest is inchoate and does not vest until Defendant dies and Petitioner survives him. Thus, Petitioner's motion as to 12000 Sanford must be denied.

### D.      Petitioner engaged in fraudulent conveyances of the Subject Properties, thus destroying her tenancy by the entireties interests.

As discussed, Petitioner and Defendant conveyed their interests in **4637 Palmer**, Dearborn; **4957 Rosalie**, Dearborn; **4909 Rosalie**, Dearborn; and **5745 Greenview**, Detroit by quitclaim deeds to Sobhie Said Salem in 1992.  Petitioner signed those deeds. Those deeds were recorded. Petitioner cannot participate in, and benefit from, fraudulent conveyances but then later claim that because the conveyances were fraudulent, the conveyances are void and she remains a tenant by the entireties.

Evidence was introduced at trial that Sobhie Said Salem is a fictitious person to whom properties were deeded so that tax liabilities would not fall on Defendant. Additional evidence introduced showed that many properties involved in various frauds were used as rental properties and later cut loose, were drained of equity or fell into disrepair, with no liability falling on Defendant because the properties were in the name of someone else, Sobhie Said Salem.[3]

Under Michigan law, proof of fraud involves intent but need not include direct evidence

---

[3]The trial transcript is unavailable at this time. FBI Special Agents David Vinca and Ted Ryan testified regarding these issues.

9

of intent. Rather, Michigan courts, as well as the Sixth Circuit, rely on the "badges of fraud" inquiry to determine intent. *See* Bentley v. Caille, 289 Mich. 74, 286 NW 163 (1939). Badges of fraud are "circumstances so frequently attending fraudulent transfers that an inference of fraud arises from them." United States v. Leggett, 292 F.2d 423, 426 (6th Cir. 1961), cert. denied, 368 U.S. 979 (1962). A showing of several such badges of fraud will make out a strong case of intent to defraud. Id. at 427. As originally stated in Twyne's Case, 76 Eng. Rep. 809, 3 Coke Rep. 80b (Star Chamber 1601), the badges of fraud include, among others, (1) a close relationship between the parties, (2) a transfer for no or inadequate consideration, (3) the transferor's continued relationship with the property, (4) the transferor's financial condition at the time of the transfer; (5) giving collateral in excess of debt; (6) putting excessive effort into making a transaction appear fair; and (7) failing to produce available evidence or to otherwise adequately explain the transaction. See also Leggett, 292 F.2d at 427. These indices of fraud are also codified at 28 U.S.C. § 3304 (b)(2)(A)-(K), regarding how to determine fraudulent transfers when a debt is owed to the United States.[4]

---

[4]Section (b)(2) outlines how to determine intent to defraud the United States and includes consideration of whether (1) the transfer was made to an insider; (2) the debtor/transferor retained possession or control of the property; (3) the transfer was disclosed or concealed from others; (4) there was inadequate consideration; (5) the debtor had substantial debt, was insolvent or was about to become insolvent; and (6) assets were thus concealed.

Applying the badges of fraud test to the quitclaim deeds executed on October 6, 1992, supports a finding that these transfers were fraudulent. Petitioner may contend that because these were fraudulent conveyances, the ownership interests revert back to Defendant and Petitioner. However, this argument defies logic and would suborn the perpetration of fraud. Should Petitioner assert this argument by way of reply, at the very least, the United States should be allowed to depose Petitioner and engage in limited discovery as to the validity of her claimed interest in the Subject Properties.

This same argument applies to 12000 Sanford, in which Petitioner claims to have a dower interest.

 **E.**  **U.S. v. Leroy Lane does not apply to this case.**

Petitioner relies on <u>United States v. Certain Real Property Located at 2525 Leroy Lane, West Bloomfield, Michigan</u>, 910 F.2d 343 (6th Cir. 1990), <u>cert. denied</u>, 499 U.S. 947 (1991) (hereafter "<u>Leroy Lane</u>"), in support of her position that the Subject Properties are not forfeitable because she is a tenant by the entireties. Even if the Court disregards the quitclaim deed conveyances, <u>Leroy Lane</u> is inapplicable to this case.

In <u>Leroy Lane</u>, a forfeiture allegation in the indictment charged that 2525 Leroy Lane was a facilitating property of the defendant's drug trafficking activities. Upon conviction, the defendant's interest in the real property was terminated. The defendant's wife filed a petition in the ancillary proceeding, just as Petitioner has in this case, for determination of her interest in the real property. <u>Leroy Lane</u>, 910 F.2d at 345.

The parties stipulated that the real property was owned by the defendant and his wife as tenants by the entirety. The parties also stipulated that the wife was an "innocent owner" of the

11

property, within the meaning of the forfeiture statutes. <u>Leroy Lane</u>, 910 F.2d at 345. In this case, the United States contends that Defendant and Petitioner do not own the Subject Properties as tenants by the entireties, nor does the United States agree that Petitioner is an "innocent owner," as the wife of the defendant in <u>Leroy Lane</u> was stipulated to be.

In responding to the government's argument that "drug dealers will circumvent the impact of forfeiture statutes by investing their assets in property such as entireties property which may be shielded from forfeiture," the <u>Leroy Lane</u> court noted that "such evasive actions would be undermined by the heavy burden placed upon claimants to prove their innocent ownership status." <u>Leroy Lane</u>, 910 F.2d at 348.

The court further counters a dissent argument and notes that:

> Creation of an entireties estate just prior to commission of the crime could, as in a bankruptcy context, be challenged in certain circumstances as a fraudulent conveyance.

<u>Leroy Lane</u>, 910 F.2d at 349 (citations omitted). While the entireties estates in this case were not created just prior to commission of any frauds, the conveyances in 1992 were fraudulent. Petitioner is not an "innocent owner," nor have the parties made any stipulations to that end in this case. Rather, Petitioner was a party to those fraudulent conveyances and thus has no interest in the Subject Properties.

**F.**     **Forfeiture Statutes**

The statute governing the ancillary proceeding in this case is 21 U.S.C. § 853(n)(6), which

provides:

> If, after the hearing, the court determines that the petitioner has established by a
> preponderance of the evidence that –
>
>> (A) the petitioner has a legal right, title, or interest in the property, and such right,
>> title, or interest renders the order of forfeiture invalid in whole or in part because
>> the right, title, or interest was vested in the petitioner rather than the defendant or
>> was superior to any right, title, or interest of the defendant at the time of the
>> commission of the acts which gave rise to the forfeiture of the property under this
>> section; or
>>
>> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in
>> the property and was at the time of purchase reasonably without cause to believe
>> that the property  was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(6)(A) and (B). Fed.R.Crim.P. 32.2(c) gives further direction on the procedures

for ancillary proceedings post-conviction.

Petitioner argues that §853(n)(6)(A) applies in her case: that she has a superior interest in

the Subject Properties to Defendant at the time the fraudulent acts were committed. However,

what Petitioner ignores is that in 1992, she and Defendant conveyed their interests in all of the

Subject Properties, by quitclaim deed or by assignment of interest, to Sobhie Said Salem. That

Sobhie Said Salem is a fictitious person does not restore Petitioner to being a tenant by the

entireties. Petitioner cannot benefit from her participation in fraudulent conveyances, nor should

she be allowed to shield these Subject Properties from forfeiture by arguing that the quitclaim

deeds should simply drop out of the chain of title now that evidence shows they were fraudulent.

## IV. CONCLUSION

Based on the foregoing, Respondent respectfully requests that the Court deny Petitioner's motion and allow discovery to further explore Petitioner's involvement in the quitclaim deeds and assignment of land contract to Sobhie Said Salem. Petitioner's interest in the Subject Properties is in dispute, there are factual issues that remain, and Petitioner's interests should not be determined as a matter of law.

                              Respectfully submitted,


                              STEPHEN J. MURPHY
                              United States Attorney

                              s/JULIE A. BECK
                              Assistant United States Attorney
                              211 West Fort Street, Suite 2001
                              Detroit, Michigan 48226
                              313-226-9717
                              Julie.beck@usdoj.gov

Dated: June 9, 2005

14

**CERTIFICATION OF SERVICE**

I hereby certify that on June 9, 2005, I electronically filed the foregoing paper with the

Clerk of the Court using the ECF system. Also,  I hereby certified that on June 9, 2005, I mailed

via regular mail, the foregoing Response to the following Non-ECF participant:


Jorin Rubin, Esq.,
26711 Northwestern Hwy, Ste 200
Southfield, Mi. 48034


 

 

s/JULIE A. BECK (P-53291)
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, MI  48226
Phone:  (313) 226-9717
E-mail: Julie.Beck@usdoj.gov


Dated: June 9, 2005