UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                              Criminal No. 03-80810

v.                                       Honorable Gerald E. Rosen

D-1 AHMAD MUSA JEBRIL,
D-2 MUSA ABDALLAH JEBRIL,

      Defendants.

_____/

**PETITIONER, SUBHIEH JEBRIL'S, BRIEF IN SUPPORT OF
HER MOTION FOR RECONSIDERATION OF COURT'S MAY 6TH
ORDER DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT
OR, ALTERNATIVELY, FOR MODIFICATION OF THE MAY 6TH ORDER**

**ISSUES PRESENTED:**

I. WHETHER OR NOT THERE WAS A PALPABLE DEFECT THAT MISLED THE PARTIES AND THAT CORRECTING THE DEFECT WILL RESULT IN A DIFFERENT DISPOSITION OF THE MOTION.

II. WHETHER OR NOT THIS COURT SHOULD MODIFY OR ALTER ITS MAY 6TH ORDER, PURSUANT TO FED. R. CIV. P. 59(e).

**CONTROLLING AUTHORITY:**

Federal Rule of Civil Procedure 59(e)
Local Rule 7.1(g)
21 U.S.C. § 853(n)

**TABLE OF CONTENTS:**

| | | |
|---|---|---|
| I. | INTRODUCTION | 3 |
| II. | FACTUAL BACKGROUND | 3 |
| III. | PROCEDURAL BACKGROUND | 4 |
| IV. | ARGUMENT | 5 |

A. THIS COURT SHOULD RECONSIDER ITS ORDER OF MAY 6, 2008 PURSUANT TO LOCAL RULE 7(G)     5

B. ALTERNATIVELY, THE COURT SHOULD RECONSIDER ITS DENIAL OF SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)     7

V. CONCLUSION     8

## I. INTRODUCTION

The Petitioner, Subhieh Jebril, filed a Motion for Summary Judgment related to the legal issue as to whether or not her ownership in three properties is superior to the interest of the government, pursuant to 21 U.S.C. § 853(n)(6)(A).  Petitioner relied on her status as owner by tenants by the entireties with her husband that she acquired years before any criminal conduct was alleged.  The government responded by stating that the Petitioner's Motion should be denied and that discovery should be conducted related to her ownership interest in the property given that there are fraudulent quit claim deeds in the properties' chains of title.

This Court in its May 6, 2008 Order denied Petitioner's Motion and held Petitioner's ownership interest in the properties was not as a tenant by the entireties because her name was on the fraudulent quit claim deed that purports to convey her interest in the subject properties. This Court should reconsider this ruling because such a ruling fails to address what is the nature of Petitioner's current ownership in the subject properties if it is not as a tenant by the entirety. Further this holding forecloses the possibility that Petitioner was not involved in the fraudulent title conveyance and/or that there is a factual dispute related to her interest in the properties to which discovery is required.

## II. FACTUAL BACKGROUND

The Petitioner refers to and incorporates herein the factual background section set forth in her Motion for Summary Judgment.  The significant facts are reiterated herein as follows.  The Petitioner's husband, Musa Abdallah Jebril was found guilty of conspiracy, mail fraud, wire fraud, bank fraud, laundering monetary instruments, failure to file income tax returns and fraudulent use of social security numbers.  There were no charges related directly to the quitclaim deeds in the chain of title of the subject parties, nor was Petitioner implicated in any of her husband's crimes.  It is undisputed that Petitioner does not speak or read English.

On January 12, 2005, a Preliminary Order of Forfeiture extinguishing Mr. Jebril's interest in the three subject properties was entered. There is also no dispute that Petitioner acquired her interest in the subject properties before any of her husband's criminal conduct occurred: 4957 Rosalie - in 1979, 4909 Rosalie - in 1967, 4637 Palmer - in 1983. Further, it is undisputed that Petitioner or someone from her family has lived in the subject properties since their acquisitions. There is also no dispute that in the chain of title for the subject properties, the Petitioner and her husband's interests were transferred to a fictitious entity, Sobhie Said Salem, through a fraudulent quitclaim deed and are therefore void.

### III.   PROCEDURAL HISTORY

Petitioner filed her Summary Judgment Motion to determine whether or not the fact that she owned the properties prior to the criminal activities, as tenant by the entireties, entitled her to summary judgment as a matter of law, pursuant to 21 U.S.C. § 853(n)(6)(A). The government responded by stating that the Petitioner's interest as a "tenant by the entirety" was destroyed when the properties were conveyed to the fictitious person. The government did not argue that Petitioner had no interest in the property, only that she did not have an interest by the entirety. Further, the government sought that the parties be allowed discovery to determine whether or not Petitioner had an innocent interest in the property. The government did not file its own motion for summary judgment to extinguish Petitioner's interest in the properties and dismiss her ancillary action, it merely defended the Petitioner's Motion.

No discovery has been conducted in this ancillary action. In fact, during the three years since the Petitioner filed her Motion, she, or a member of her family has continued to live in the subject properties, pay taxes on the properties and perform maintenance and upkeep on the properties. During this passage of time, other than changing the locks and taking an inventory,

the government has not been involved with the upkeep of the subject properties **in any way.** Petitioner has continued to exercise dominion and control over the properties as an owner.

On May 6, 2008, the Court issued an Opinion and Order – without oral argument – and held that the Petitioner did not have ownership of the subject properties, as a tenant by the entirety but gave no further guidance as to her actual ownership interest. This holding requires further clarification for the reason that even if Petitioner does not hold an interest in the subject property as a tenant by the entirety, she still has a valid interest in the property and there would be a miscarriage of justice if she were not allowed to conduct discovery to determine the extent of her interest.

Finally, to the extent the court is holding that the Petitioner does not have an interest because the tenants by the entirety has been destroyed, pursuant to 21 U.S.C. § 853(n)(5), provides that both the petitioner and the government are entitled to present evidence in the ancillary action. Accordingly, it would be an error to allow the May 6, 2008 Opinion and Order to remain with its broad holding.

### IV. ARGUMENT

**A. THIS COURT SHOULD RECONSIDER ITS ORDER OF MAY 6, 2008 PURSUANT TO LOCAL RULE 7(G)**

Local Rule 7(g)(3) provides that a "movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." The error in this Opinion and Order is that despite the fact that the government did not move for summary judgment, the court has denied the Petitioner the opportunity to prove that she has an interest in the subject properties, pursuant to 21 U.S.C. § 853(n)(6)(A), and simply held that her interest was not as a tenant by the entirety. Petitioner should be able to prove that she obtained her interest in the subject properties before

5

the crimes were committed and that she did not "convey" the subject properties to a fictitious entity with the intent to destroy her ownership interest.

While the government has shown in the criminal action against Petitioner's husband that the third party to whom the subject properties were conveyed is fictitious, it has not shown that Petitioner herself was involved.  Petitioner was not a Defendant in the criminal action, she was not an unindicted co-conspirator or even brought before the grand jury related to the execution of the quit claim deeds to Sobhie Said Salem.  Furthermore, there was **no** evidence presented by the government related to the factual supposition that Petitioner was involved in the conveyance of the subject properties to the fictitious person (other than her purported signature).

Here, the district court erred when it held that the tenants by the entirety status was destroyed when the Jebrils conveyed their interest in the subject properties to a third person.  Opinion and Order at p. 8.  The Court held that "it turns out that this third-party was fictitious." *Id.*  However, to destroy the tenancy, the parties must jointly convey the property to a third person.  While superficially it appears that there are quitclaim deeds that convey Petitioner's interest in the properties, it would be unfair if Petitioner was not permitted the opportunity to demonstrate that she was not involved in the fraud and that her ownership interest in the subject properties was still in tact.

For the Court to hold that the tenancy was destroyed – as opposed to simply denying Petitioner's Motion because there is an issue of fact in dispute as to whether or not the tenancy was destroyed – creates a palpable error related to Petitioner's current ownership status in the properties.  Taking this argument to its extreme, without clarification, the Court has essentially granted summary judgment to the government without providing Petitioner an opportunity to demonstrate her superior and innocent ownership of the property through discovery, pursuant to 21 U.S.C. § 853(n)(5).  Further, there is no dispute that the Petitioner acquired her interest in the

6

properties before the commission of her husband's crimes.  She clearly continues to have an interest in the subject properties, pursuant to §853(n)(6)(A), even if this court holds that it is not as a tenant by the entirety.

Without reconsideration of the May 6, 2008 Opinion and Order that contains this Court's finding of fact that the tenants by the entirety has been destroyed, an error would occur because Petitioner's status, such as her standing in this ancillary action and payment of taxes on the property, will remain in flux.   Therefore, without clarification, the chain of title in the subject property remains clouded by a fraudulent deed and there is no resolution.  Petitioner has a valid interest in the subject properties that she has owned for years, lives in and continues to maintain.  She is entitled to the opportunity to defend her interest in the property against forfeiture by the government.

**B.    ALTERNATIVELY, THE COURT SHOULD RECONSIDER ITS DENIAL OF SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

Federal Rule of Civil Procedure 59(e) allows for the Judgment to be altered or amended.  As set forth above, the Court should modify its May 6, 2008 Opinion and Order, to simply deny Petitioner's Motion for Summary Judgment for the reason that material issues are in dispute related to the destruction of the tenancy, instead of that the Petitioner no longer has ownership as a tenant by the entirety.  It is requested that the Opinion and Order be amended for clarification, so that the parties can conduct discovery and determine whether or not Petitioner has a recognizable interest in the subject properties, pursuant to 21 U.S.C. § 853(n)(6)(A).

## V. CONCLUSION

For the reasons stated above, Petitioner respectfully requests that her Motion for Reconsideration be granted.

          Respectfully submitted,

          /s/ Jorin G. Rubin
          Jorin G. Rubin (P60867)
          Law Office of Jorin G. Rubin, PC
          Attorney for Petitioner
          26711 Northwestern Hwy, Suite 200
          Southfield, MI 48034
          (248) 799-9100

Dated: May 19, 2008

CERTIFICATION OF SERVICE

       I hereby certify that on May 19, 2008, I electronically filed the foregoing Petitioner's Motion for Reconsideration with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Assistant United States Attorney Julie Beck
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9573
e-mail: **julie.beck@usdoj.gov**

    /s/ Jorin G. Rubin
Jorin G. Rubin, Esq.  P60867
Law Office of Jorin G. Rubin
26711 Northwestern Highway, Ste. 200
Southfield, MI 48034
(248) 799-9100
email: jorinrubin@comcast.net

9