UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: AHMAD MUSA JEBRIL and      Case No. 05-70840
MUSA ABDALLAH JEBRIL,      *Related to Criminal Case No. 03-80810*
_____/.      Honorable Gerald E. Rosen

SUBHIEH JEBRIL, et al.

     Petitioner(s),

vs.

UNITED STATES OF AMERICA,

     Respondent.

_____/.

## STIPULATION FOR ENTRY OF CONSENT JUDGMENT AND FINAL ORDER OF FORFEITURE OF SUBSTITUTE RES IN LIEU OF REAL PROPERTIES LOCATED AT 4957 ROSALIE, DEARBORN, MICHIGAN,  4909 ROSALIE, DEARBORN, MICHIGAN, AND  4637 PALMER, DEARBORN, MICHIGAN

The Respondent, the United States of America, by and through its attorneys, TERRENCE BERG, United States Attorney for the Eastern District of Michigan and JULIE A. BECK, Assistant U.S. Attorney, together with SUBHIEH JEBRIL, MALAKY JEBRIL and ZEINA JEBRIL ("Petitioners"), by and through their attorney, JORIN RUBIN, hereby submit this Stipulation for Entry of Consent Judgment and Final Order of Forfeiture:

WHEREAS on or about November 24, 2004, in a related criminal matter; Criminal Number 03-80810 ("related criminal case"), Defendants Ahmad Musa Jebril and Musa Abdallah Jebril were convicted of violations of 18 U.S.C. § 371, Conspiracy; 18 U.S.C.  § 922, Felon in Possession of Firearms and Ammunition; 18 U.S.C. §1341 Mail Fraud; 18 U.S.C. §1343, 2; Wire Fraud, Aiding and Abetting; 18 U.S.C. §1344, 2; Bank Fraud, Aiding and Abetting; 18 U.S.C. §1956, 2,

Laundering Monetary Instruments, Aiding and Abetting; 26 U.S.C. § 7203, Willful Failure to File income Tax Returns; Defendant Ahmad Musa Jebril with a violation of 42 U.S.C. § 408, Fraudulent Use of Social Security Number; and 18 U.S.C. § 982(a)(2)(A), Criminal Forfeiture;

WHEREAS on or around March 14, 2005, the court entered an Amended Preliminary Order of Forfeiture for the following properties:

> *6250 Faust, Wayne County, Detroit, Michigan;*
>
> *6530 Artesian, Wayne County, Detroit, Michigan;*
>
> *6809 Plainview, Wayne County, Detroit, Michigan;*
>
> *4702 Palmer, Wayne County, Dearborn, Michigan;*
>
> *4637 Palmer, Wayne County, Dearborn, Michigan;*
>
> *4909 Rosalie, Wayne County, Dearborn, Michigan;*
>
> *4957 Rosalie, Wayne County, Dearborn, Michigan;*
>
> *5815 Warwick, Wayne County, Detroit, Michigan;*
>
> *12000 Sanford, Wayne County, Detroit, Michigan;*
>
> *4357 St. James, Wayne County, Detroit, Michigan;*
>
> *5745 Greenview, Wayne County, Detroit, Michigan; and*
>
> *a Money Judgment in the amount of Two Hundred Thousand Dollars ($200,000.00);*

WHEREAS, on or around March 16, 2005, the government filed a motion to add as a substitute asset the real properties located at 10304 Dix, including lots 10305 and 10306, Dearborn, Michigan and 5102 McNichols, Detroit, Michigan;

WHEREAS on or around March 8, 2005, in this ancillary proceeding, Case Number: 05-mc-70840, Subhieh Jebril filed a petition to adjudicate the validity of her interests in the following

properties indicted in the related criminal matter:

> *4957 Rosalie, Dearborn, Michigan*
>
> *4909 Rosalie, Wayne County, Dearborn, Michigan*
>
> *4637 Palmer, Wayne County, Dearborn, Michigan*
>
> *12000 Sanford, Wayne County, Detroit, Michigan*
>
> *5745 Greenview, Wayne County, Detroit, Michigan;*

WHEREAS on or around April 19, 2005, in this ancillary proceeding, Case Number: 05-mc-70840, Zeina Jebril and Malaky Jebril also filed petitions to adjudicate the validity of their interests in the following properties indicted in the related criminal matter:

> *4957 Rosalie, Dearborn, Michigan*;
>
> *4909 Rosalie, Dearborn*, *Michigan;*

WHEREAS on or around April 19, 2005, the Petitioners, by and through their counsel, Jorin Rubin, filed a Motion for Summary Judgment[1], which was denied May 6, 2008;

WHEREAS on or around December 12, 2005, in the related criminal matter, the government dismissed the property located at 6530 Artesian, Detroit, Michigan from the forfeiture;

WHEREAS on February 28, 2008, the real properties located at 5745 Greenview and 12000 Sanford were dismissed from forfeiture;

WHEREAS Petitioner Subhieh Jebril has died since the initiation of this action and her estate is currently being probated in Wayne County (*In the matter of Subhieh Jebril*, Case No. 08-736387-DE);

WHEREAS the parties wish to resolve this matter without further litigation or expense;

---

[1] References made to the Motion for Summary Judgment are specifically for the ancillary proceeding styled above and known as 05-mc-70840.

NOW THEREFORE, IT IS HEREBY STIPULATED by and between the Respondent, United States of America, through its counsel, TERRENCE BERG, United States Attorney, and JULIE A. BECK, Assistant United States Attorney, and Petitioners, by and through their attorney, JORIN RUBIN, as follows:

1. The parties agree that the following real properties identified in the related criminal case shall **NOT BE FORFEITED** and shall be released from all claims of the United States Department of Justice, the Federal Bureau of Investigation, the United States Postal Inspection Service, the Internal Revenue Service and the United States Attorney's Office, and their agents, officers and employees:

*6250 Faust, Wayne County, Detroit, Michigan;*

*6530 Artesian, Wayne County, Detroit, Michigan;*

*6809 Plainview, Wayne County, Detroit, Michigan;*

*4702 Palmer, Wayne County, Dearborn, Michigan;*

*5815 Warwick, Wayne County, Detroit, Michigan;*

*4357 St. James, Wayne County, Detroit, Michigan;*

*10304 Dix, including vacant lots at 10305 and 10306 Dix, Dearborn, Michigan;* [2]

*5102 McNichols, Detroit, Michigan*;

Any lis pendens or Affidavit of Interest in place as to the above-stated properties that remains in place shall be discharged and/or withdrawn upon entry of this Order;

2. Furthermore, the parties agree that the Petitioners shall pay a total of $50,000.00 to the

---

[2]The properties located at 10304 Dix, Dearborn, Michigan and 5105 McNichols, Detroit, Michigan, were identified in the related criminal matter as potential substitute assets.

United States as substitute res for *4637 Palmer, Dearborn, Michigan, 4957 Rosalie and attached lot(s), Dearborn, Michigan and 4909 Rosalie (and attached lot(s), Dearborn, Michigan*, hereafter the "Subject Properties*,"* in accordance with the terms of this Judgment.

3. Petitioners agree to pay the first $5,000.00 of the total amount of $50,000 immediately upon entry of this order by means of a cashiers or certified check payable to the United States Marshals Service. Said $5,000.00 check shall be delivered to the United States Marshals Service, Detroit, located at 231 West Lafayette, 3rd Floor, Detroit, Michigan 48226. Delivery may include mailing or hand delivery. On the check, this case should be referenced in the notation line. The $5,000.00 is deemed as partial substitute *res* for the Subject Properties and such funds and shall be **FORFEITED** to the United States pursuant to 18 U.S.C. § 982(a)(2)(A).

4. The Petitioners further agree that the remaining balance in amount of $45,000.00 shall be paid by monthly installment payments to the United States of America until the total amount of $50,000.00 is paid. Said monetary instruments shall also be made by means of a cashiers or certified check payable to the United States Marshals Service in the specified amount and each check shall be delivered to United States Marshals Service, Detroit, located at 231 West Lafayette, 3rd Floor, Detroit, Michigan 48226. Delivery may include mailing or hand delivery. Each check shall reference this case in the notation line. Each payment shall be deemed as partial substitute res for the Subject Properties and such funds shall be **FORFEITED** to the United States pursuant to 18 U.S.C. 982(a)(2)(A).

5. The parties agree that the terms of monthly payments shall be as follows: By the 5th day of each month, Petitioners must pay $750.00, without interest, with the first payment due on June 5, 2009. The remaining balance in the amount of $45,000.00, without interest, is to be paid off by June 5, 2014 or until paid in full if that date is earlier than June 5, 2014.

6. If the Petitioners fail to make a payment, the United States reserves the right to accelerate the payments and call for the remaining balance. If the Petitioners fail to make three payments, the United States will consider this agreement rescinded and will proceed to forfeit the Subject Properties.

7. Provided Petitioners are current on their payments as set forth herein, during the payment period of the $50,000 and upon receipt of the total amount of $50,000.00, the Subject Properties shall **NOT BE FORFEITED** and shall be released from all claims of the United States Department of Justice, the Federal Bureau of Investigation, the United States Postal Inspection Service, the Internal Revenue Service, the United States Attorney's Office and their agents, officers and employees, past and present, from all claims or causes of action which they and their agents, officers, employees, assignees and/or successors in interest have, may have had or may have on account of the events or circumstances giving rise to, or in connection with this case and its related criminal matter.

8. Furthermore, upon receipt of total payment, the government will discharge the Notices of Lis Pendens and/or Withdrawals of the Affidavits Relating To Matter Affecting Title To Realty that were filed with the Wayne County Register of Deeds against the Subject Properties.

9. Should Petitioners elect to refinance or borrow against equity in the Subject Properties, the United States will discharge its lis pendens for that limited purpose and immediately re-file the lis pendens upon completion of the refinancing, whatever is required by the lender. If the Petitioners sell or re-finance the Subject Properties, the Petitioners are obligated to pay off the remaining balance owed to the government with proceeds from such sale or re-finance.

10. The United States must be notified if the Petitioners elect to refinance or sell any of the Subject Properties. Failure to do so constitutes a breach of this agreement, and upon such a breach,

the United States shall forfeit the Subject Properties or be entitled to full payment of the remaining balance immediately.

11.  The Petitioners also agree to release whatever claims or interests they have in the payments made to the United States referenced in Paragraphs 1- 5. Any rights, title or interests of the Petitioners, that of their successors and assigns, and any rights, title and ownership interests of all other persons in the $50,000.00 described in paragraphs 1- 5 is hereby and forever **EXTINGUISHED**, clear title to said $50,000.00 is hereby **VESTED** in the United States of America upon entry of the accompanying Order, and the United States Marshals Service being **AUTHORIZED** to dispose of the $50,000.00 in accordance with law.

12.  Petitioners hereby knowingly and voluntarily waive any and all rights to reimbursement from the United States for attorney fees and litigation costs in connection with this action, under 28 U.S.C. § 2465(b)(1)(A) or any other statute, rule, regulation or otherwise.

13.  Petitioners, in entering into this agreement, agree to waive the requirements of Federal Rules of Criminal Procedure 32.2(c)(2) and (4). Petitioners further agree that upon conclusion of the ancillary proceedings, the court may enter a final order of forfeiture by amending the preliminary order to account for any third-party rights and that this ancillary proceeding is not part of sentencing in the related criminal matter.

14.  Petitioners hereby release, remise and discharge Respondent, the United States of America, and any of its agencies involved in this matter, including but not limited to the United States Department of Justice, Federal Bureau of Investigation, the United States Postal Inspection Service, the Internal Revenue Service and the United States Attorney's Office, and their agents, officers and employees, past and present, from all claims or causes of action which Petitioners and their agents, officers, employees, assignees and/or successors in interest have, may have had or may

have on account of the events or circumstances giving rise to, or in connection with this case and its related criminal matter.

15. Upon the Petitioners making the first payment, the United States Marshals Service shall no longer be responsible for maintaining, inspecting or securing any of the Subject Properties; Petitioners shall be responsible for maintenance and security of each of the Subject Properties, regardless of whether an individual property is occupied or unoccupied.

16. Each of the parties to this Stipulation have discussed this settlement with their respective counsel and fully understand its terms and conditions and the consequences of entering into it.  The parties agree that each shall bear their own costs in this matter.

17.  Upon compliance with the terms of this stipulation, this case shall be closed.

Agreed as to form and substance.

TERRENCE BERG
United States Attorney


s/Julie A. Beck                                          s/with consent of Jorin G. Rubin
Assistant United States Attorney        Attorney for Petitioners
211 W. Fort Street, Ste. 2001              26711 Northwestern Highway, Suite 200
Detroit, Michigan  48226-3211            Southfield, Michigan 48034
(313) 226-9717                                       (248)-799-9100
Email: Julie.Beck@usdoj.gov             Email:jorinrubin@comcast.net
P-53291                                                  P-60867
Dated: May 21, 2009                            Dated: May 21, 2009


                                                          s/with consent  Malaky Jebril
                                                                    Estate of Subhieh Jebril
                                                          By her co-personal representative
                                                          Malaky Jebril
                                                          Dated: May 21, 2009


                                                          s/with consent of Zeina Jebril
                                                          Estate of Subhieh Jebril

By her co-personal representative
Zeina Jebril
Dated: May 21, 2009


s/with consent of Malkay Jebril
Malaky Jebril, Petitioner
Dated: May 21, 2009


s/with consent of Zeina Jebril
Zeina Jebril, Petitioner
Dated: May 21, 2009


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


**CONSENT JUDGMENT AND FINAL ORDER OF FORFEITURE OF SUBSTITUTE RES IN LIEU OF REAL PROPERTIES LOCATED AT 4957 ROSALIE, DEARBORN, MICHIGAN,  4909 ROSALIE, DEARBORN, MICHIGAN, AND  4637 PALMER, DEARBORN, MICHIGAN CONSENT JUDGMENT**


**IT IS SO ORDERED**.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  May 26, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 26, 2009, by electronic and/or ordinary mail.

s/Ruth Brissaud
Case Manager


*[Consent Judgment, Misc. Case No. 05-70840]*